CARROLL, DONALD, K., Judge.
The defendant in an action on two promissory notes has appealed from an adverse final judgment entered by the Circuit Court for Taylor County.
The principal question presented for our determination in this appeal is whether the trial court erred in denying the defendant’s claim for off-set and counterclaim.
The defendant incorporated in his answer to the plaintiff’s complaint a counterclaim alleging two transactions as a set-off against the claim of the plaintiff.
As to the first such set-off, the defendant alleges in his counterclaim that the plaintiff is indebted to the defendant, an attorney at law, in the sum of $500 for legal services which he rendered to the plaintiff in connection with the latter’s claim against the State of Florida Road Department and others, which said sum for services was agreed upon by the parties hereto and was by agreement to have been credited against any sums owed to the plaintiff by the defendant.
As to the second set-off alleged in the defendant’s counterclaim, the defendant alleges that he represented the plaintiff in a lawsuit upon a promissory note held and owned by the plaintiff in an action brought by the plaintiff against Trust Mart of Florida, Inc. and one Gaines, the said note being in the sum of $25,000 plus interest; that as the result of the defendant’s said representation, the plaintiff secured a settlement in the sum of $25,000, which said attorneys’ fees were by agreement of the parties payable to the defendant herein; that the said $2,500 to date remains unpaid and due to the defendant. Wherefore, the defendant in his counterclaim demands judgment against the plaintiff in the amount of $3,000.
The plaintiff filed an answer to the above counterclaim, admitting the allegations thereof as to the first set-off, but denying the allegations as to the second set-off, and admitting that the defendant was employed by the plaintiff on a contingent fee basis and that the judgment was not satisfied through the defendant’s efforts.
We think that the undisputed testimony taken at the hearing before the trial court supports the defendant’s allegations in his counterclaim as to the second set-off, as well as the first.
Nevertheless, the court adjudged in the final judgment appealed from herein that the defendant pay to the plaintiff the total sum of $2,048.72, plus interest, costs, and attorneys’ fees “less a set-off in favor of the Defendant in the amount of Five Hundred dollars ($500.00)” “making a total sum owed by the Defendant to the Plaintiff $2,792.36.”
Evidently, then, the court allowed the first set-off in its entirety and denied the second set-off entirely. The latter, set-off, we think, was proper and amply proven and it was error not to provide for this second set-off.
*93 The evidence adduced at the hearing established the liability of the defendant under the two notes sued upon but it also established the defendant’s entitlement to the benefits of the two set-offs alleged in his counterclaim.
The final judgment is reversed as to that part failing to provide for the second set-off, but the judgment is otherwise affirmed, and the cause is remanded for further proceedings consistent with the views hereinabove set forth.
Affirmed in part and reversed in part.
SPECTOR, C. J., and JOHNSON, J., concur.